# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MC-USA LOCAL 119 HEALTH & WELFARE FUND, et al., | : | |
| Plaintiffs, | : | |
| vs. | : | CA 10-0119-KD-C |
| AIR COMFORT CO., INC. and STANLEY SMALL, individually, | : | |
| Defendants. | : | |

## ORDER

Plaintiffs have moved the Court for an order requiring defendants to show cause as to why they should not be held in contempt of Court for their failure to respond to this Court's July 1, 2011 Order (Doc. 77). (Doc. 78.) That order granted plaintiffs' motion to compel defendants to respond, and produce documents responsive to, plaintiffs' Requests for Production of Documents at Deposition and Aid of Execution of Judgment propounded and served on Defendant Stanley Small on April 6, 2011 pursuant to Fed. R. Civ. P. 30(b)(2), and 34, or provide this Court with a written explanation for defendants' failure to do so, no later than July 12, 2011. (Doc. 77 at 2.) The July 1, 2011 Order further provided plaintiffs the opportunity to file a motion, pursuant to Rule 37(a)(5)(A), for attorneys' fees and costs for bringing the motion to compel.

In light of defendants' noncompliance with this Court's July 1, 2011 Order, plaintiffs' motion is **GRANTED**, and the following is **ORDERED**: counsel for plaintiffs; defendants' counsel, Messrs. Elias J. Saad and Russell S. Terry; Mr. Stanley Small; and an

officer of Air Comfort Company, Inc. **SHALL** attend a hearing on **Monday, July 25, 2011**, at **2:00 p.m.**, in Courtroom 3A, United States Courthouse, Mobile, Alabama, at which defendants shall fully explain why they did not comply with the Court's July 1, 2011 Order and why they should not be sanctioned for their failure to comply with an order of the Court.[1]

**DONE** this the 15th day of July, 2011.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court's July 1, 2011 Order provided—clearly—"that should defendants fail to comply with [the order], they shall face the possibility of sanctions in addition to potentially reimbursing plaintiffs for their attorneys' fees and costs for bringing [the] motion [to compel]." (Doc. 77 at 2-3.) *See Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("A district court need not tolerate defiance of reasonable orders."); *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) ("A court may impose sanctions for litigation misconduct under its inherent power."); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions.").