IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MC-USA LOCAL 119 HEALTH &          :
WELFARE FUND, et al.,

    Plaintiffs,                    :

vs.                                :        CA 10-0119-KD-C

AIR COMFORT CO., INC. and          :
STANLEY SMALL, individually,

    Defendants.                    :

## REPORT AND RECOMMENDATION[1]

Pending before the undersigned are the plaintiffs' motion for attorneys' fees and costs pursuant to Rule 37(a)(5)(A) and Rule 37(b)(2)(C) (Doc. 99), filed September 15, 2011 pursuant to the Court's August 3, 2011, Order (Doc. 83) and authorized by the Court's July 1, 2011, Order (see Doc. 77 at 2); their evidentiary supplement to the motion (Doc. 102), filed September 22, 2011; the parties' joint motion for settlement of the motion (Doc. 103), filed September 29, 2011; and the plaintiffs' response to the motion (Doc. 104),

---

    [1] Because the parties have not clearly and unambiguously consented to the undersigned conducting "any and all proceedings in [this] civil matter[, including] the entry of judgment," pursuant to 28 U.S.C. § 636(c), the undersigned United States Magistrate Judge lacks authority to enter a final order on this post-judgment motion for attorneys' fees and costs. *See Estate of Conners v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993); *cf. David v. District of Columbia*, 252 F.R.D. 56, 58-59 (D.D.C. 2008) (deeming a magistrate judge's dispositive memorandum opinion and order on the plaintiff's motion for attorneys' fees a report and recommendation); *id.* (citing cases and explaining that nothing in that court's local rules "can expand the limited jurisdiction granted by Congress to a magistrate judge in Federal Rules 54(d)(2)(D) and 72(b) to issue a recommendation on a motion for attorneys' fees into the broader jurisdiction to issue a final determination on such a motion").

also filed September 29, 2011.

The parties' joint motion represents that a settlement of the attorneys' fees and costs motion has been reached, and as such, they requests—and the undersigned **RECOMMENDS**—the following:

1. That the Court enter a judgment in favor of the plaintiffs and against Defendant Air Comfort Co., Inc. in the amount of **$5,828.75**, which shall resolve the motion (Doc. 99);

2. That this judgment shall not in any way alter or affect the plaintiffs' right to enforce the Court's December 7, 2010, Judgment against the defendants (Doc. 26);

3. That the motion (Doc. 99) be **DISMISSED** as against Stanley E. Small, E.J. Saad, and Russell S. Terry; and

4. That the entry of an order adopting this report and recommendation and the entry of judgment shall not in any way affect the Court's continuing jurisdiction over this matter to resolve further post-judgment matters.

**DONE** this the 3rd day of October, 2011.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

l.     *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in S.D. Ala. L.R. 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[2]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED. R. CIV. P. 72(b)(2).