IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MC-UA LOCAL 119 HEALTH & WELFARE FUND, *et al.*, <br>     Plaintiffs, <br><br> v. <br><br> AIR COMFORT CO., INC., and <br> STANLEY SMALL, individually, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> )    CIVIL ACTION NO. 10-00119-KD-C <br> ) <br> ) <br> ) <br> ) |

**ORDER**

This matter is before the Court on Plaintiffs' Affidavit of Garnishment, Garnishee Elias J. Saad's Answer, and Writ of Garnishment (Docs. 108-110); Plaintiffs' "Consolidated Motion to Condemn Garnished Funds Held by Court" (Doc. 111); Appearance and Claim of Climatic Comfort Products, LLC (Doc. 127) and Plaintiffs' Response thereto (Doc. 128); Claim to Asset by Wittichen Supply Co., Inc. (Docs. 129, 130) and Plaintiffs' reply thereto (Doc. 134); and Claim of Whitney Bank (Doc. 131) and Plaintiffs' reply thereto (Doc. 135).

**I.      Background**

On August 4, 2011, Plaintiffs filed an Affidavit for Garnishment as to Defendant Air Comfort Company, Inc.'s claim with the Gulf Coast Claims Facility ("GCCF"). (Doc. 86). Plaintiffs requested that the trust account maintained by E.J. Saad[1] for funds belonging to Defendants be garnished and that Plaintiffs be awarded any funds paid to Defendants by the GCCF. This Court issued the Writ of Garnishment, a Right to Claim Exemption from Garnishment, and Notice to Defendants of issuance of garnishment (as executed by the Marshal

---

[1] Mr. Saad is counsel for Defendants as well as the Garnishee.

and/or Clerk's office). (Docs. 88, 89).  On August 17, 2011, Garnishee Saad answered and admitted that Defendant Air Comfort had a claim pending with the GCCF but that he did not have within his possession any property belonging to the Defendants.  (Doc. 92).  On November 16, 2011, Plaintiffs filed an Affidavit for Garnishment (Doc. 108), again requesting that the trust account maintained by Saad for funds belonging to Defendants be garnished and awarded to Plaintiffs.

On November 17, 2011, Saad filed a "Consolidated Answer of Garnishee"[2] stating that Defendant Air Comfort had been paid $69,112.93 from the GCCF for the BP oil spill claim. (Doc. 109). Saad states that he was simultaneously served with two (2) separate garnishments and so could not determine which had priority over the other.  Saad thus tendered the money to the Clerk of Court and requested a discharge from his obligations under the garnishment. In the Answer, Saad notified the Court of the existence of 14 Judgments/Liens totaling $4,612,989.19 against Defendant Air Comfort and totaling $8,045,671.62 against Defendant Stanley Small (Doc. 109 at 5) but that the list of Judgments "may not include all existing judgments and/or liens" and "is not a comprehensive list of persons who may have a claim" against either Defendant. (Id. at 2 at ¶5).

On November 18, 2011, Plaintiffs filed a Writ of Garnishment as to Saad for the GCCF money, a Right to Claim Exemption from Garnishment, and Notice to Defendants of issuance of garnishment (which was issued by the Marshal and/or Clerk's office); and a check to the Marshal with process. (Doc. 110).  On November 21, 2011, Plaintiffs filed a consolidated motion to

---

[2] "Consolidated" insofar as the Answer was also filed in *Sheet Metal Workers' Union Local #441 Health and Welfare Fund et al., v. Air Comfort Co., Inc. et al*, CV-10-0018-WS-B.

condemn garnished funds held by the court in this case (Doc. 111) and in *Sheet Metal Workers' Union Local #441 Health and Welfare Fund et al., v. Air Comfort Co., Inc. et al*, CV-10-0018-WS-B (Doc. 43). Plaintiffs move the Court to ender an order of condemnation deeming the $69,112.93 deposited by Saad (as Garnishee) condemned and ordering the Clerk to remit the funds payable to the Plaintiffs' law firm for distribution to the Plaintiffs in both cases (Plaintiffs assert that they have agreed to divide the $69,112.93 equally).

On December 2, 2011, this Court set a briefing schedule for any of the entities named in the 14 judgments/liens to appear and file a claim to the GCCF money. (Doc. 112).

On December 5, 2011, Judge Steele issued an Order in *Sheet Metal Workers' Union Local #441 Health and Welfare Fund et al., v. Air Comfort Co., Inc. et al*, CV-10-0018-WS-B, denying Plaintiffs' motion to condemn the garnished funds in that case. (Doc. 47). For purposes of this case – and in light of Judge Steele's ruling -- the Court now construes Plaintiffs "consolidated" motion (Doc. 111) as a motion filed *by the plaintiffs in this case*, asking that the GCCF money be garnished and condemned and made payable *to them*.

Briefing has now concluded on the Court's December 2, 2011 Order such that the potential claimants' entitlement to the GCCF money (over Plaintiffs) is ripe for disposition.

## II.   Discussion

The scope of a district court's authority in supplemental proceedings (*i.e*, post-judgment procedures) is governed by Rule 69 of the Federal Rules of Civil Procedure which provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. *The procedure* on execution--and *in proceedings supplementary to and in aid of judgment* or execution--*must accord with the procedure of the state where the court is located*, but a federal

3

statute governs to the extent it applies." FED.CIV.P. Rule 69(a)(1) (emphasis added).[3] Following Rule 69(a), the Court thus turns to the procedures of the State of Alabama. See, e.g., J.M.MARSH & C.W.GAMBLE, ALABAMA LAW OF DAMAGES § 13:20 (5th ed. Oct. 2010); Milliken & Co. v. Haima Group Corp., 654 F. Supp. 2d 1374, 1378 (S.D. Fla. 2009) (discussing that the district court apply the law of the state where the court is located in post-judgment garnishment proceedings). Specifically, in Alabama, supplemental proceedings such as garnishment are governed by Alabama Code § 6-6-370 *et seq*. (*i.e*., the garnishment statute).

Pursuant to Alabama Code § 6-6-463(a), "[w]hen the garnishee, by his answer as originally filed or by any supplemental answer thereafter, alleges, at any time before final judgment against him, that he has been notified that another person claims title to, or an interest in, the debt, demand, money, or effects which, by his answer, he has admitted to be due or owing or to be in his possession, the clerk must issue notice to the suggested claimant to appear within 30 days after service of the notice and propound his claim and contest with the plaintiff the right to such debt, demand, money or effects." Such is the case here insofar as Garnishee Saad has been notified that 14 judgments/liens have been issued against Defendants Air Comfort Co., Inc. and/or Stanley Small, and attached copies of the orders/judgments to his Answer (identifying the "suggested claimants"). The Court has provided the entities named in these other judgments/liens (apart from the judgment in this Court) the opportunity to appear and file a claim as to the GCCF money. Presently before the Court are three (3) of those Claimants' Notices of Claims. The

---

[3] "Although Rule 69 only refers to writs of execution, the rule 'does not preclude the use of garnishment for enforcement of a judgment' in accordance with the garnishment procedure provided by the applicable state law. *See Grenada Bank v. Willey,* 694 F.2d 85, 87 (5th Cir.1982)." Kiersz v. Seymour Intern., Inc., Slip Copy, 2011 WL 653387, *2 at n.1 (M.D. Fla. Jan. 27, 2011).

issue before the Court is which entity who has asserted a claim to the GCCF money is actually entitled to same. The answer lies in the Alabama garnishment statutes.

Specifically, Alabama Code § 6-9-211 provides that "[e]very judgment, a certificate of which has been filed as provided in Section 6-9-210 shall be a lien in the county where filed on all property of the defendant which is subject to levy and sale under execution, and such lien shall continue for 10 years after the date of such judgment…The filing of said certificate of judgment, as provided in Section 6-9-210, shall be notice to all persons of the existence of the lien thereby created." As explained in Garrett v. Garrett, 628 So.2d 659, 660 (Ala. Civ. App. 1993) (quoting Smith v. Arrow Transp. Co., 571 So.2d 1003, 1006) (Ala. 1990)), "[t]he recording of a certificate of judgment creates a blanket lien on all of the property of the defendant that is located in the county of recordation and is subject to levy and sale. The judgment creditor's rights in the property attach upon the act of recording the certificate of judgment and have priority over all rights arising out of subsequently recorded instruments."

The record reveals that Plaintiffs received an Order and Judgment from this Court (in their favor and against Defendants) on December 7, 2010 in the amount of $365,964.84 (Docs. 25, 26). Plaintiffs recorded that Judgment in Mobile County Probate Court on January 14, 2011 (Doc. 109 at 15-16). As such, for Climatic Comfort, Wittichen Supply and/or Whitney Bank to have priority over Plaintiffs to the GCCF funds deposited with the Clerk by the Garnishee, said entities must have recorded certificates of judgment (in their favor and against Defendant(s) Air Comfort and/or Stanley Small) in the Mobile County Probate Court (as the judgments were issued by the Mobile County Circuit Court) before January 14, 2011. Climatic Comfort recorded its $53,719.29 certificate of judgment (in its favor and against Defendants Air Comfort and

5

Stanley Small) on November 1, 2011.[4]  (Doc. 127-1).  Wittichen Supply has submitted no evidence that it ever recorded its $5,693.07 certificate of judgment (in its favor and against Defendant Air Comfort) in Mobile County Probate Court.  (Doc. 129).  However, Wittichen Supply's judgment against Defendant Air Comfort was not even issued until March 11, 2011.  (Doc. 130 at 3).  Whitney Bank recorded its $212,203.49 certificate of judgment (in its favor and against Defendants Air Comfort and Stanley Small) on January 26, 2011.  (Doc. 131 at 7-8).  Thus, Plaintiffs' January 14, 2011 recording of the certificate of judgment predates any recordation by Climatic Comfort, Whitney Bank and/or Wittichen Supply.

Accordingly, it is **ORDERED** that Plaintiffs' January 14, 2011 filing of the certificate of judgment constitutes a judicial lien with priority over the claims asserted by Climatic Comfort, Whitney Bank and/or Wittichen Supply, such that Plaintiffs have a superior claim to the GCCF money as to these claimants.[5]

**DONE** and **ORDERED** this the **26th** day of **January 2012.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[4]  Climatic also recorded a certificate of judgment in this amount in the Baldwin County Probate Court on December 12, 2011.  (Doc. 127-1 at 3).

[5] A final determination as to Plaintiffs' entitlement to the GCCF money deposited in this Court will be made upon conclusion of the briefing concerning BancorpSouth Bank, Inc.'s claim to same.